# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Shaquille Dashun Arnold, ) | |
| ) | Civil Action No. 9:15-cv-00360-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Scotty Bodiford, Jail Administrator, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, proceeding pro se, brings this action, (ECF No. 1), seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, as a pretrial detainee at the Greenville County Detention Center, files this action in forma pauperis under 28 U.S.C. § 1915. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8), filed on February 3, 2015, recommending that Petitioner's action, (ECF No. 1), be dismissed without prejudice and without requiring Respondent to file a return. The court **ADOPTS** the Magistrate Judge's Report, (ECF No. 8), and **DISMISSES** Petitioner's action without prejudice and without requiring Respondent to file a return.

## I.     RELEVANT FACTUAL BACKGROUND

Petitioner was arrested on June 27, 2014, for "Assault/Assault & Battery of a High & Aggravated Nature." *See* Greenville County Thirteenth Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/CaseDetails.aspx?County=23&CourtAgency=23001&Casenum=2014A2330205897&CaseType=C (last visited June 3, 2016). According to the Complaint, (ECF No. 1), he was appointed a public defender from the Thirteenth Circuit Public Defender's Office. (*See id.* at 2.) However, it appears that Petitioner is unsatisfied with his counsel because the Public Defender failed "to review the video" with him, to provide him with

1

complete discovery, and to request a preliminary hearing and a speedy trial. (ECF No. 1-1.) Therefore, Petitioner states that the grounds for his challenge are: "(1) Withholding evidence, and giving false information on legal document, (2) Public Defenders, ineffective assistance of counsel, failing to defend, [and] (3) Preliminary Hearing Request filed 7-3-14." (ECF No.1 at 2.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

The Magistrate Judge recommends that Petitioner's action be dismissed without prejudice and without requiring Respondent to file an answer or return because "a federal court should not equitably interfere with state criminal proceedings 'except in the most narrow and extraordinary of circumstances.'" (ECF No. 8 (citing *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996)).) Specifically, the Magistrate Judge notes that "courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief." (*Id.* (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)).) The Magistrate Judge finds that "[a]s petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate 'special circumstances,' or to show that he has no adequate remedy at law and will

suffer irreparable injury if denied his requested relief." (*Id.*)

Petitioner appears to object to the Magistrate Judge's Report because (1) failure to have a preliminary hearing is a special circumstance,[1] (2) the federal court should interfere with state proceedings because the state does not offer habeas relief, and (3) without intervention, petitioner will suffer irreparable harm. (*See* ECF No. 11.)

First, failure to have a preliminary hearing is not a special circumstance. Although "special circumstances" lacks a precise, technical meaning, courts look to whether petitioner's constitutional rights can be protected without the federal court intervening with the state court's proceedings. *Payne v. Lucas*, No. 6:11-2666-DCN-KFM, 2012 WL 4866387, at *4 (D.S.C. Sep. 24, 2012) (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). "[O]rdinarily[,] a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Thus, there is no special circumstance in this case because Petitioner can raise his claims, including the failure to have a preliminary hearing, in the state court proceedings.

Second, the federal courts cannot interfere with state court proceedings even though the state does not offer habeas relief. Petitioner's grounds for his habeas claim are withholding evidence, ineffective assistance of counsel, and failure to hold a preliminary hearing. (*See* ECF No. 1.) These claims can be addressed during Petitioner's trial and post-trial proceedings. As previously stated, a federal court must not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances, and here, no such circumstances exist. Therefore, this court will not interfere with the state proceedings.

---

[1] Petitioner states verbatim, "the court says petitioner failed in pleading in allege facts, but petitioner can not produce, that which isn't tangiable, where as petitioner clearly request preliminary hearing[.]" (ECF No. 11.)

Third, Petitioner will not suffer irreparable harm without intervention. The Supreme Court has held that "in the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene . . . in a pending state criminal prosecution." *Kugler v. Helfant*, 421 U.S. at 123. Petitioner would suffer irreparable injury great enough for the federal court to intervene "where there is a showing of bad faith or harassment by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions, or where there are other extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." *Id.* at 124. However, Petitioner has not given any indication that such irreparable injury would exist absent intervention since his claims can be adequately addressed by the state court proceedings. Therefore, Petitioner will not suffer irreparable harm such that the federal court should intervene in a pending state court proceeding.

## IV.   CONCLUSION

After a thorough review of the Report and the record, the court **ADOPTS** the Magistrate Judge's Report, (ECF No. 8), and **DISMISSES** Petitioner's action, (ECF No. 1), without prejudice and without requiring Respondent to file a return for the reasons discussed herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 8, 2016
Columbia, South Carolina

4